Clair J. RAMSEY, Appellant/Cross–Appellee,

v.

Sandra S. RAMSEY, Appellee/Cross–Appellant.

Nos. S–4206, S–4207.

Supreme Court of Alaska.

July 24, 1992.

Kathleen A. Weeks, Law Offices of Kathleen A. Weeks, Anchorage, for appellant/cross-appellee.

Sharon L. Gleason, Rice, Volland & Gleason, P.C., Anchorage, for appellee/cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

### FACTS AND PROCEEDINGS

Clair and Sandra Ramsey were married on April 11, 1964. At the time the divorce decree was issued, August 27, 1990, both were 47 years old. Clair earns at least $120,000 a year as a real estate agent for Jack White Company. Sandra has operat-

ed her own interior design business since 1979. In 1989 the net earnings from her business were $7,829.

The parties physically separated in the summer of 1988. Clair filed for divorce in May 1989. After trial in August 1990, Judge Johnstone issued the decree and findings at issue in this appeal.

In those findings, the court concluded that the parties did not cease functioning as an economic unit until the summer of 1990. Neither party was given credit for payments made before that date to preserve marital assets or provide spousal support.

The court awarded Sandra rehabilitative alimony in the amount of $1,500 a month for four years. The award was designed to facilitate her plan to make her interior design business self-supporting. Based on the *Merrill*[1] factors and in light of the alimony award, the court made an "approximately equal division of the assets." In addition, the court awarded Sandra $5,000 for attorney's fees and expert costs.

## DISCUSSION

### A. Credit for Post–Separation Payments

Clair argued below that the economic partnership created by the marriage ended upon separation, thus he was entitled to credit for post-separation payments made to maintain the marital estate and to support Sandra. Judge Johnstone, however, found that due to the extensive commingling of finances, "the parties continued to function economically as a single unit until the summer of 1990." Based on that finding, the court identified all of the parties' marital assets as of May 11, 1990. We find that the court's economic unit finding was clearly erroneous.

The first step in the process of marital property division is to determine "what property is available for distribution." *Chotiner v. Chotiner*, 829 P.2d 829, 831 (Alaska 1992). Specifically, the court must "identify what marital property, as

---

1. *Merrill v. Merrill*, 368 P.2d 546 (Alaska 1962).

distinct from separate property, exists at the distribution date." *Id.* In *Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991), we distinguished between the date marital property is identified as such and the date it is valued; the latter should "be as close as practicable to the date of trial."

A valuation date should be chosen which will provide the most current and accurate information possible and which avoids inequitable results. It is distinct from the date marking the termination point for inclusion of property within equitable distribution. The latter date marks the end of the marital *team* effort. Since this date may be well in advance of the dissolution proceedings, a valuation date linked to it may result in stale financial information. L. Golden, [*Equitable Distribution of Property,*] at § 7.01 [ (1983) ].

*Id.*

In *Schanck v. Schanck*, 717 P.2d 1, 3 (Alaska 1986), we stated the general rule for determining when property acquired after separation is properly excluded from the category of marital property:

As a general rule, we hold that property accumulated with income earned *after a final separation that is intended to, and does in fact, lead to a divorce* is excluded from the category of marital property, as long as it is obtained without the invasion of any pre-separation marital asset.

(Emphasis supplied.)

■ In this case, the parties separated permanently in the summer of 1988. That point represented "a final separation that [was] intended to, and [did] in fact, lead to a divorce." Sandra's continuing economic dependence alone does not indicate the continuance of the marital economic unit. The court's determination that the marital enterprise continued until May 11, 1990, was clearly erroneous.[2]

■ We have required that trial courts consider payments made to maintain marital property from post-separation income when dividing marital property. *Doyle v. Doyle*, 815 P.2d 366, 369 n. 5 (Alaska 1991). We have not, however, held that the spouse who makes such payments must necessarily be given credit for them in the final property division. Clair argues that there are public policy reasons which require that some credit be given for such payments. He argues that not doing so tends to promote hostile relations between the parties and may result in a potential wasting of marital assets. While these arguments have some weight, it is our view that no fixed rule requiring credit in all cases should be imposed. Instead, the fact that one party has made payments from non-marital income to preserve marital property should be considered as one of the circumstances to be weighed by the trial court in dividing the marital property. This rule is consistent with our treatment of payments made from separate property acquired prior to the marriage which are used to acquire marital property. *See Chotiner*, 829 P.2d at 834–35 (court did not abuse its discretion in failing to give credit for separate property contribution of husband, but on remand court was authorized to grant credit).

Since the trial court erred in determining the termination date of the marital partnership, this case must be remanded. On remand the court should consider whether Clair should be given credit for contributions he made from separate property in order to preserve marital property, and should make written findings on this point.

## B. Rehabilitative Alimony

Based on the business plan Sandra presented to the court, Judge Johnstone awarded her rehabilitative alimony for four years. The award was designed to "enable her to more fully provide for her own future needs through job development."

■ In general, "our decisions have established a preference for meeting the parties' needs with the division of property,

---

**2.** The decision to *value* the parties' assets as of May 11, 1990 was defensible. The court found "that upon consideration of all the facts and circumstances ... all of the parties' assets should be valued on the same approximate date as close to trial as possible."

rather than with alimony, where marital assets are adequate to do so." *Schanck*, 717 P.2d at 5 (citing *Bussell v. Bussell*, 623 P.2d 1221, 1224 (Alaska 1981) and *Malone v. Malone*, 587 P.2d 1167, 1168 (Alaska 1978)). Although the preference does not apply to awards of alimony for a limited duration, *Bays v. Bays*, 807 P.2d 482, 485 (Alaska 1991), "where marital assets are adequate to equitably provide for both parties, ... rehabilitative alimony is properly limited to job training or other means directly related to the end of securing for one party a source of earned income." *Schanck*, 717 P.2d at 5.

Here Sandra has operated an interior design business since 1979. She is an experienced designer. In addition she had a transition period of two years between separation and divorce to develop the business into a self-sufficient enterprise. Under these circumstances her need for rehabilitative alimony seems both speculative and unwarranted.[3] We therefore vacate the award of rehabilitative alimony. On remand the court is authorized to adjust the property division if equitably required by this change.

## C.  Property Division

In light of our conclusion that the marriage terminated as a joint enterprise on the date of separation, the court must adjust the allocation of property. "The rule that has evolved in Alaska for dividing assets acquired after a separation resulting in a divorce is based on the source of the payment with which those assets are acquired." *Schanck*, 717 P.2d at 2. The rule states that "property accumulated with income earned after a final separation that is intended to, and does in fact, lead to a divorce is excluded from the category of marital property, as long as it is obtained without the invasion of any pre-separation marital asset." *Id.* at 3.

In accordance with this rule, any business-related commissions Clair earned after

the summer of 1988 are his separate property. *Schanck*, 717 P.2d at 3. Also, post-separation earnings Clair contributed to his Keogh account should not be considered part of the marital estate.

## D.  Attorney's Fees

Sandra claims that the court erred by awarding her only $5,000 of $17,500 in outstanding attorney and expert witness fees. As 25.24.140 authorizes the court to award attorney's fees based on economic need. This court has interpreted that provision to give broad discretion to the trial courts. " 'An abuse of discretion is established where it appears that the trial court's determination as to attorney's fees was manifestly unreasonable.' " *Kowalski v. Kowalski*, 806 P.2d 1368, 1372 (Alaska 1991) (quoting *Palfry v. Rice*, 473 P.2d 606, 613 (Alaska 1970)). Here the court's award of $5,000 was not "manifestly unreasonable." *See Mann v. Mann*, 778 P.2d 590 (Alaska 1989) (affirming a lower court's refusal to award attorney's fees to a spouse despite lesser earning capacity and a smaller award of marital property). Nonetheless, in light of the significant adjustments which may be required as a result of this opinion, the award of attorney's fees should be vacated so that the superior court may recalculate fees once it determines an appropriate property division.

## CONCLUSION

The Ramseys' marriage terminated as a joint enterprise on the date of separation. The award of rehabilitative alimony is vacated. We remand the case for the trial court to equitably allocate the marital property in light of the proper date of termination, Clair's post-separation contributions to the marital estate from post-separation income, and Sandra's needs in the absence of rehabilitative alimony. The award of attorney's fees is vacated.

---

**3.**  This case resembles *Schanck v. Schanck*, 717 P.2d 1 (Alaska 1986), where the court awarded the wife rehabilitative alimony for an eighteen-month period after the wife had re-entered the job market as a nurse. We found that since the wife was pursuing her chosen occupation she had no further need for rehabilitative alimony. *Id.* at 5.