Paula KORN, Appellant,

v.

Larry KORN, Appellee.

No. S–9809.

Supreme Court of Alaska.

May 10, 2002.

Peggy A. Roston, Law Office of Peggy A. Roston, Anchorage, for Appellant.

Robert C. Erwin and Roberta C. Erwin, Erwin & Erwin, LLC, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

BRYNER, Justice.

## I. INTRODUCTION

This appeal arises from the divorce of Paula and Larry Korn. In dividing the couple's marital property, the trial court included on Paula's side of the ledger $14,400 in interim spousal support that she had received from Larry and $45,000 in estimated rental value imputed to Paula because she had lived in the marital residence rent-free for eighteen months after separation. Because interim spousal support and imputed rental value are not actually marital property and the trial court did not explain why it counted them as marital property, we remand for reconsideration and additional findings.

## II. FACTS AND PROCEEDINGS

In September 1998 Paula Korn filed for divorce from Larry Korn, her husband of more than thirty-four years. The next month the couple permanently separated; Paula remained in the marital residence and received twelve monthly interim spousal support payments of $1,200 from Larry. The superior court held a trial on disputed property questions and issued its final decision dividing the couple's marital property in June 2000. The decision awarded Paula a slightly greater share of the marital estate than Larry, basing this allocation on the parties' disparate income and earning potential.

The final decision included a table that listed marital assets and showed how the court had distributed them. Among other assets listed on Paula's side of the ledger, the table showed her as receiving $14,400 in interim spousal support payments (twelve monthly payments of $1,200) and $45,000 in estimated rental value imputed to Paula for living rent-free in the marital residence after separating from Larry. The decision did not explain the court's reasons for treating these items as marital property and assigning them to Paula.

Paula appeals, challenging these rulings.

## III. DISCUSSION

A trial court must follow a three-step process when dividing a couple's marital property. First, the court must determine what property is marital and thus available for distribution.[1] Second, the court must place a monetary value on the marital property.[2] Last, the trial must determine how to allocate the marital property most equitably.[3] Here, Paula's arguments concern the first step of this process—identifying marital property. We first consider her challenge to the superior court's treatment of interim spousal support as a marital asset; we then consider her argument concerning imputed rental value.

Our cases often have distinguished between spousal support and marital property. In *Lewis v. Lewis* we remanded a trial court's division of marital property because the trial court failed to explain why it had merged interim support payments into the allocation and distribution of marital property.[4] We held that "alimony is in no way a property settlement, but is the provision made for the support of the wife."[5] We confirmed this ruling in *Jones v. Jones:* declining to rule that the trial court erred in refusing to take interim support into account in its order dividing the marital property, we

---

1. *McDougall v. Lumpkin*, 11 P.3d 990, 992 (Alaska 2000). We generally review the trial court's classification of property for abuse of discretion, but when an item's classification presents a question of law, we apply our own independent judgment. *Id.*

2. *Id.* This is a factual determination, which we reverse only if clearly erroneous. *Id.*

3. *Id.* We review a trial court's equitable division of property "for an abuse of discretion and will affirm unless the division is 'clearly unjust.' " *Id.*

4. 785 P.2d 550, 554 (Alaska 1990).

5. *Id.* (quoting *In re Marriage of Reilly*, 176 Mont. 239, 577 P.2d 840, 843–44 (1978)).

observed that such action would have been "inconsistent with our holding in *Lewis* concerning the role of interim support in the allocation and distribution of marital property." [6] In *Ulsher v. Ulsher* we denied a plaintiff's contention that alimony should be factored into the division of the marital estate, holding that "[p]ayments that do not divide property cannot be considered part of a property division." [7] And in *McDougall v. Lumpkin* we vacated the trial court's distribution of marital property because the "property division may have been used to balance the legally unrelated alimony award." [8]

■■■ As these cases indicate, spousal support is not marital property. Yet here the trial court treated Paula's interim support as marital property. The court did not explain its reasons for doing so. Lacking any findings to justify treating interim support as marital property, we must vacate this portion of the decision and remand for reconsideration and additional findings. [9]

■■■ The trial court also placed on Paula's side of the ledger a rental value of $45,000— the court's estimate of the amount that should be imputed to Paula for living rent-free in the marital residence for eighteen months after separating from Larry. But the court's decision to treat unrealized rents as a marital asset raises several concerns.

Because the parties had never previously rented out their residence and evidently had no plans to rent it, the home had no clearly established rental value. And though the trial court apparently estimated the home's rental value from its fair market value, the court failed to specify how it calculated one value from the other. The court simply wrote:

> Plaintiff has been living in the residence paying the utilities since separation. She had no opinion as to the rental value; defendant's opinion of the rental value is $3500[ ] per month. Given the stipulated value of the residence, a stream-of-income analysis would indicate rental value is more likely to be $2500 per month. She has received $45,000 rental value from the residence since separation.

Moreover, counting unrealized rents as a marital asset tends to conflict with the usual rule requiring marital assets to be valued as close as practicable to the date of trial. [10] Whatever asset-like value Paula might have obtained from her post-separation use of the marital residence, it is clear that she consumed the value as it was received, and no such marital asset actually existed when the trial court divided the marital property.

■■■ Although we have sometimes recognized that orders dividing marital property may recapture a marital asset's pre-trial loss in value, we have held that such orders must be supported by findings that the asset's value was "dissipated, wasted, or converted to a non-marital form" by the party who controlled the asset during the period of separation. [11] We also occasionally have held that trial courts may credit a spouse for making payments of post-separation income to preserve marital property. [12] And in one such case, *Rodriguez v. Rodriguez*, we recognized that the spouse's post-separation use of the property could offset this credit, since "any benefit [the spouse] may have imparted to the marital estate was offset by the benefit

---

6. 835 P.2d 1173, 1176–77 (Alaska 1992).

7. 867 P.2d 819, 821–22 (Alaska 1994).

8. 11 P.3d 990, 995 (Alaska 2000).

9. *See Lang v. Lang*, 741 P.2d 1193, 1195, 1196 (Alaska 1987) (remanding for findings to explain why trial court included interim support payments in final distribution of marital property, because court must provide "sufficiently detailed and explicit findings to give this court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision") (internal quotations omitted).

10. *McDaniel v. McDaniel*, 829 P.2d 303, 306 (Alaska 1992) (quoting *Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991)).

11. *Green v. Green*, 29 P.3d 854, 859 (Alaska 2001) (internal quotations omitted).

12. *See, e.g., Berry v. Berry*, 978 P.2d 93, 96 (Alaska 1999); *Dodson v. Dodson*, 955 P.2d 902, 912 (Alaska 1998); *Harrelson v. Harrelson*, 932 P.2d 247, 253 (Alaska 1997); *Ramsey v. Ramsey*, 834 P.2d 807, 809 (Alaska 1992).

he received from the estate by living rent-free."[13]  Yet in these cases, too, we have "required trial courts to make factual findings on whether a credit is appropriate."[14] But here, the trial court made no findings to explain why it decided to impute rental value to Paula or how it arrived at the value it imputed.

Nor is it apparent that the court considered the need for such a finding. As already mentioned, neither imputed rental value nor interim spousal support is actually a marital asset. Hence, any allowance for these items in the property decision should have been reflected in the third step of property-division process—as an adjustment to the equitable division of marital assets that actually existed.[15]  Yet by listing imputed rental value and interim spousal support on Paula's side of the ledger, the court identified these items as real marital assets, thereby confusing the first and third steps of the process. Collapsing the three-step process in this way could easily have distracted the trial court's attention from the need for additional findings. For while the property decision ostensibly awarded this "property" to Paula, the decision's real effect—clouded by listing the items as marital assets whose award to one party or the other generally requires little particularized explanation—was to charge Paula for having used imputed rental value and for having received non-marital payments from Larry—charges that dramatically reduced Paula's equitable share of actual marital assets, and so required careful explanation.

In short, without knowing why the court decided these points as it did, we cannot determine whether the individual adjustments were justified or whether the final property division was equitable as a whole.

**13.** 908 P.2d 1007, 1013 (Alaska 1995).

**14.** *Berry,* 978 P.2d at 96; *see also Cox v. Cox,* 882 P.2d 909, 919–20 (Alaska 1994) (noting absence of findings on whether post-separation payments of marital expenses should change property distribution and remanding for such findings).

**15.** Moreover, such an adjustment should have recognized that, at most, Larry's credit could be no more than one-half of the value Paula received by living rent-free in the house, for she was a half owner. *Cf. Wood v. Collins,* 812 P.2d

Accordingly, we must vacate the superior court's decision and remand the case for reconsideration and appropriate findings.[16]

## IV.  CONCLUSION

The superior court's order dividing the parties' marital property is VACATED, and this case is REMANDED for additional proceedings as directed in this opinion.

951, 958 (Alaska 1991) (holding that ousted domestic partner was entitled to half the rental value of the former couple's condominium for the post-separation period).

**16.** If the superior court determines after reconsidering the issues of rental value and interim support that reconsideration of other issues or of the entire property decision might be warranted, the court may, in its discretion, broaden the scope of the proceedings on remand.