**Kelli HAINES, Appellant,**

v.

**John L. COX, Appellee.**

**No. S–12386.**

Supreme Court of Alaska.

May 16, 2008.

---

Carol A. Brenckle, Kenai, for Appellant.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, and
CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

This appeal concerns property division is-
sues in Kelli Haines and John Cox's divorce

following trial. Haines argues that the trial court erroneously failed to consider a 2006 tax assessment when it valued the marital home. She also argues that it was error not to credit her with half the rental value for the marital home while Cox lived in it after separation and not to credit her with half the marital home property insurance premiums she paid before trial. Because Haines first offered the 2006 assessment when she sought reconsideration, she did not offer it in a timely manner. We therefore affirm the trial court's valuation. But because it was legal error not to consider whether to credit Haines with half the rental value or half her insurance expense, we remand for consideration of those claims.

## II. FACTS AND PROCEEDINGS

Kelli Haines and John Cox married in June 1999 and separated in May 2003. During their marriage they lived in a Homer house built during the marriage on land Cox had purchased before the marriage. After separation Cox continued living in the home and Haines moved out, but Haines paid the 2003, 2004, and 2005 property taxes and the property insurance premiums to insure the marital home for 2003, 2004, and 2005; it appears she paid the first premium in October 2002.[1]

The divorce trial was held October 7, 2005. The only contested issue was how to value and divide the marital property. The home was the only marital property remaining to be divided. In determining the home's value, the trial court considered three different valuations. Haines offered the testimony and comparative market analysis of a real estate broker who valued the property at $135,000 to $145,000. This valuation, dated August 25, 2005, was based on the broker's view of the land and the home's exterior. Cox submitted an opinion of value from another broker, who estimated the value at $95,000 to $98,000 as of March 25, 2005.[2] This opinion was based on viewing the home inside and out. The third valuation was the Kenai Peninsula Borough's 2005 tax assessment as of January 1, 2005. It stated that the assessed value was $119,200.

The trial court's April 20, 2006 memorandum decision and order contained its posttrial rulings. It found the tax assessment was the most reliable of the three proffered valuations because it "was not prepared for either party and was not done for the divorce trial" and further "was done by a neutral party with a mandated obligation to assess the property at the fair market value." The court found the home's value was $119,200 at the time of trial.

After considering the *Merrill* factors,[3] the court found that the circumstances of the parties were very similar and that their economic situations were approximately the same. The court concluded that an equal division of the value of the marital residence was appropriate and awarded Haines $61,566.98 "as her share of the marital residence."[4]

Haines filed a motion for reconsideration in late April 2006 arguing, among other things, that the court's valuation erroneously relied on the "outdated" 2005 tax assessment; that Haines should be awarded half the home's fair rental value because Cox had lived in the house "rent free" after separation; that the court should reconsider its decision to require Haines to transfer the property to Cox before she received payment; and that the court failed to credit Haines for half the insurance premiums she paid for the years 2003, 2004, and 2005 to

---

1. As of October 2005, the 2005 property taxes had not been paid. The court ordered Cox to pay the 2005 taxes; when he did not, Haines paid them.

2. This broker's original estimate valued the home at $90,000 as of February 2004.

3. *Merrill v. Merrill*, 368 P.2d 546, 547 n. 4 (Alaska 1962) (discussing factors now codified in AS 25.24.160(a)(4)).

4. The court stated that this amount represents the total of Haines's half of the value of the residence plus half the 2003, 2004, and 2005 property taxes, to reimburse Haines for Cox's half of the property taxes Haines had paid since separation.

preserve the marital asset.[5] The motion attached the 2006 tax assessment. The trial court denied the reconsideration motion.

Haines appeals.[6]

## III. DISCUSSION

### A. Standard of Review

 "The valuation of available property is a factual determination that should be reversed only if clearly erroneous."[7] We review the equitable allocation of property under the abuse of discretion standard; we will not reverse an allocation "unless it is clearly unjust."[8] Although we review for an abuse of discretion whether to grant credit for rental value and expenses to preserve the marital property,[9] in this case we review for legal error Haines's contention that the trial court simply failed to exercise its discretion.[10]

### B. The Valuation of the Marital Property Was Not Clearly Erroneous.

 Haines's reconsideration motion argued that the trial court incorrectly valued the marital property by relying on an "outdated" 2005 tax assessment. In support of her reconsideration motion, Haines submitted the 2006 Kenai Peninsula Borough tax assessment valuing the home at $137,800; this assessment was dated January 1, 2006. The 2006 assessment was not previously provided to the trial court.

On appeal Haines argues that the 2006 assessment is similar to her broker's trial testimony, which valued the house at $135,000 to $145,000 as of August 25, 2005. Haines asserts that although the 2006 tax assessment is dated almost three months after trial ended, the trial court did not issue its decision until April 20, 2006, three and a half months after the effective date of the 2006 assessment. Haines points out that her broker's analysis was made closer to the trial date than the 2005 tax assessment. Haines argues that the trial court's decision was incorrect and that, because the current value of the home is higher than the value the court used for division, Cox will effectively receive $18,600 more than Haines. Haines concludes that the trial court should have valued the home based on the 2006 assessment or her broker's market analysis.

There are two potential problems with Haines's argument. The first is substantive and the second is procedural.

 The date on which a trial court values the marital property should be as close as possible to the date of trial, but in special circumstances the court may value property as of the date the parties separated.[11] Absent special findings justifying use of the separation date, the trial court should value the marital property as of a time as close as

5. The supporting memorandum also asserted that the court's April 20, 2006 decision was issued more than six months after trial ended on October 7, 2005. The October 7 log notes reflect that the court "dissolved" the marriage as of that date and took property division under advisement.

6. Cox has not filed a brief.

7. *Cox v. Cox,* 882 P.2d 909, 913–14 (Alaska 1994).

8. *Id.* at 914 (internal quotations omitted).

9. *Berry v. Berry,* 978 P.2d 93, 95 (Alaska 1999) ("We review for abuse of discretion a superior court's decision whether to give a credit to a spouse for payments made to maintain marital property."); *see also Martin v. Martin,* 52 P.3d 724, 726 (Alaska 2002) (noting equitable allocation step is reviewed under abuse of discretion standard); *cf. Korn v. Korn,* 46 P.3d 1021, 1024

(Alaska 2002) (noting allowances for rental value are made in equitable-division step of property division process).

10. Whether the trial court erred by allegedly misconceiving the scope of its discretion or thought that it had no discretion to decide a dispute is a legal question. *See Garner v. State, Dep't of Health & Soc. Servs., Div. of Med. Assistance,* 63 P.3d 264, 269 (Alaska 2003) (stating that it is legal error for an agency to "fail to apply exceptions found in its own regulations, or ... to inquire into their applicability"); *see also Cano v. Municipality of Anchorage,* 627 P.2d 660, 663–64 (Alaska App.1981) (stating that failure to exercise discretion is legal error).

11. *Ogard v. Ogard,* 808 P.2d 815, 819–20 (Alaska 1991); *see also Walker v. Walker,* 151 P.3d 444, 448 (Alaska 2007) (stating valuation date should be as close as practicable to date of trial unless special circumstances justify valuing property as of separation date).

practicable to the date of trial.[12] Haines implies that because the 2006 assessment is similar to her broker's analysis, the broker's analysis was a more accurate assessment of the value of the home than the 2005 assessment relied on by the court. If Haines had presented the 2006 assessment to the trial court in a timely manner with a request to reopen the evidence, the court could have determined whether it was relevant to the valuation of the home at the time of trial, and the parties could have disputed whether the 2006 assessment reflected the value as of the date of trial. But because Haines did not submit the 2006 assessment until she moved for reconsideration, we do not have to determine whether the trial court should have considered the 2006 assessment relevant to its valuation of the home. Instead, our decision here turns on the timeliness of Haines's request.

Assuming that the 2006 assessment was relevant to the issue of valuation, Haines's arguments are nonetheless unavailing because she did not raise them in a timely manner. She did not submit the 2006 tax assessment or ask the court to rely on it until after the court had issued its decision in April 2006. Submitting the January 2006 assessment only when she moved for reconsideration in late April 2006 forecloses her claim that the court abused its discretion by failing to rely on the 2006 assessment.[13]

 Haines alternatively argues that we should order the marital home sold and the proceeds divided equally to give Cox the opportunity to purchase the home for fair market value. She asserts that the trial court erroneously concluded that the only reason Haines wanted the home sold was to force Cox to move out. Haines implies that the trial court incorrectly valued the home and argues that selling the home is, and was,

the best way to determine its value. The trial court's decision to value the home based on the 2005 tax assessment after considering the differing opinions of the parties' brokers was within its discretion.[14] Haines points to no evidence justifying a conclusion that the trial court clearly erred in valuing the home. And given the adequate, if disputed, evidence of the home's value, there is no basis for thinking the court abused its discretion in not ordering the home sold to establish fair market value.

### C. It Was Error Not To Consider Whether To Grant Haines Credit for Half the Fair Rental Value.

 Haines argues that the trial court erred by failing to award her half of the fair rental value of the marital home and that the trial court misinterpreted *Wood v. Collins*[15] in denying her reconsideration motion.

Haines asked at trial and again in her reconsideration motion that she be credited with half the fair rental value of the marital home because Cox remained in the home "rent free" after the parties separated in May 2003. She estimated that the fair rental value was about $850 per month during the pertinent period. On appeal she raises other arguments supporting her assertion that it would have been equitable to award her this credit, and argues that Cox "forced" her to move from the residence.

In denying Haines's reconsideration motion the trial court concluded that *Wood* does not apply to cases involving the division of the value of a marital home. The court further stated that Haines had not provided any legal authority that would allow her to receive half the rental value.

The trial court correctly concluded that *Wood* does not apply to marital cases.[16] But

---

**12.** *Walker*, 151 P.3d at 448.

**13.** *See Stadnicky v. Southpark Terrace Homeowner's Ass'n*, 939 P.2d 403, 405 (Alaska 1997) ("An issue raised for the first time in a motion for reconsideration is not timely." (citing *Miller v. Miller*, 890 P.2d 574, 576 n. 2 (Alaska 1995))); *see also Koller v. Reft*, 71 P.3d 800, 805 n. 10 (Alaska 2003) (noting that superior court is under no obligation to consider documents first presented with motions for reconsideration).

**14.** *See Cox*, 882 P.2d at 913–14.

**15.** *Wood v. Collins*, 812 P.2d 951 (Alaska 1991).

**16.** We have held that *Wood* does not apply to marital cases stating, "*Wood* did not involve marital property because the parties were not married.... [Therefore,] *Wood* does not require a trial court to apply these rules of cotenancy to married parties seeking a divorce." *Dodson v. Dodson*, 955 P.2d 902, 912 n. 17 (Alaska 1998).

that does not mean that a trial court is altogether foreclosed from considering whether there should be an adjustment for fair rental value for the marital home.

■ *Korn v. Korn* states the proper rule in divorce cases.[17] Per *Korn*, the issue is addressed to the trial court's discretion; the trial court may award rental value but only as an adjustment to the equitable division of assets in the third step of the property-division process, if it provides a careful explanation.[18] Applying *Korn*, we have held that it is not an abuse of discretion to treat for property division purposes a husband's exclusive post-separation occupancy of the marital residence as though he received rent from the marital estate.[19]

Here the court erroneously concluded that it was legally foreclosed from deciding whether to grant the requested credit. This legal error requires remand. This does not mean that as a matter of law Haines is entitled to an offset. But given the evidence, it does mean that on remand the court must exercise its discretion in considering whether to adjust the equitable division of assets by half the rental value. If the court takes the rental value into account, it should make written findings on the issue.

### D. It Was Error Not To Consider Whether To Credit Haines for Half the Cost She Paid To Insure the Marital Property.

■ Haines next argues that it was error not to award her half the cost of the premiums she paid to insure, and thus preserve, the marital residence for 2003, 2004, and 2005. There was undisputed trial evidence that Haines paid the property insurance premiums for three years beginning with a payment in October 2002.

Haines raised this argument at trial and in her reconsideration motion. The trial court did not discuss Haines's request in its April 20 order, and addressed the argument for the first time in its order rejecting Haines's reconsideration motion:

> Although Haines testified that she had paid the insurance on the property, she did not provide any evidence that Cox was or would have been a beneficiary of the insurance. Since Haines would have been the only one to benefit if a claim had been filed, she cannot now ask to be reimbursed for one-half the cost of the insurance since no claim was filed.

On appeal, Haines argues that no evidence supports the court's reasoning. She contends that "[h]ad there been a claim, and the property destroyed, ... Cox would have had a cause of action against [her] for his share of the proceeds." She reasons that his cause of action would have been based on a failure to take steps to preserve the marital asset if the house had burned down and she had not purchased insurance.

The home remained a marital asset following separation. Haines incurred expense to preserve or protect it by buying insurance that would have replaced or repaired it in the event of loss. As Haines argues, there was no evidence supporting the notion that Cox would have recovered nothing under the insurance policy or that the expense did not benefit both parties by protecting the main marital asset. It was therefore error not to consider whether the credit should be given. We consequently remand as to this issue.[20] The superior court should determine on remand whether Haines is entitled to a credit for half the cost of the insurance premiums for the marital home.[21]

**17.** *Korn v. Korn*, 46 P.3d 1021 (Alaska 2002).

**18.** *Id.* at 1024 ("[A]ny allowance for [imputed rental value] in the property decision [is] reflected in the third step of property-division process as an adjustment to the equitable division of marital assets that actually existed.").

**19.** *Carr v. Carr*, 152 P.3d 450, 454–55 (Alaska 2007) (citing *Korn*, 46 P.3d at 1023–24).

**20.** Haines seeks a credit for the premiums she paid "for the years 2003, 2004, and 2005." The log notes of her untranscribed testimony imply that she paid the premium for 2003 in late 2002. We note as to this payment that the parties did not separate until May 2003.

**21.** *Ramsey v. Ramsey*, 834 P.2d 807, 809 (Alaska 1992) ("[T]he fact that one party has made payments from non-marital income to preserve marital property should be considered as one of the circumstances to be weighed by the trial court in dividing the marital property.").

## IV. CONCLUSION

The valuation of the marital property is AFFIRMED. The denials of credits for half the rental value and half the cost of insurance are VACATED. We REMAND for further proceedings consistent with this opinion.