NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ERLINDA PARTRIDGE, | ) | |
| | ) | Supreme Court No. S-14259 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-06-05416 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JAMES R. PARTRIDGE, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1412 – March 7, 2012 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Sharon L. Gleason, Judge.

Appearances: Herman G. Walker, Jr. and Lynda A. Limón, Anchorage, for Appellant. Sarah J. Tugman, Anchorage, for Appellee.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices.

## I.  INTRODUCTION

This appeal presents two issues. First, we are asked to clarify the meaning of our remand of the parties' property division to the superior court "for consideration of" credit owed to a husband for paying a marital debt. The wife argues on appeal that these instructions gave the superior court discretion to "consider" whether the debt in

---

\*        Entered pursuant to Appellate Rule 214.

question was marital or not. But because we concluded in our prior opinion that the debt in question was marital, the trial court correctly started from that premise.

Second, we are asked whether the superior court abused its discretion in awarding the husband a dollar-for-dollar credit for retiring the marital debt. The wife argues that because the superior court believed that we were incorrect in determining that the debt in question was marital, it was an abuse of discretion for the superior court to award the husband full credit for retiring the loans. But because the superior court is required to obey both the letter and spirit of our mandate, and because the superior court credited the marital debt on the same basis as other credits, we conclude that this was not an abuse of discretion.

## II.    FACTS AND PROCEEDINGS

### A.    *Partridge I*[1]

This is the second time that James and Erlinda Partridges' divorce has come before us. In the first appeal, we addressed several issues relating to the property division, two of which are relevant to this appeal. First, we concluded that the superior court had not abused its discretion in finding that Wasilla property purchased by James following the parties' separation, and paid for with marital assets, was James's separate property.[2]

Second, we concluded that "[f]ailing to credit James for paying over $100,000 of marital debt was error."[3] Our analysis was as follows:

---

[1]    *Partridge v. Partridge* (*Partridge I*), 239 P.3d 680 (Alaska 2010), is the opinion resulting from the Partridges' first appeal to this court.

[2]    *Id.* at 685-86.

[3]    *Id.* at 691.

James argues that the trial court erred by failing to credit him for $101,808 in marital loans that he paid during the separation period. We agree.

A bank statement for June 8 to July 7, 2006 shows that the Partridges owed $101,808 on three debts near the time of their separation: loans for a 2005 Roadtrek motorhome and a 1993 Monaco motorhome, and a line of credit. Each debt is presumptively marital because each was outstanding as of June 30, 2006, the court-declared date of separation. We have held that, "[a]bsent any showing that the parties intended a debt to be separate, the trial court must presume that a debt incurred during the marriage is marital and should consider it when dividing the marital estate."

James made four payments of $2,705.25 on the motorhome loans in June, July, August, and September 2006. In October 2006 James paid off the loan balances for both motorhomes and the credit line. It does not appear that James received credit in the court's final accounting for paying these marital debts. The court adopted Erlinda's expert's accounting and credited James for paying just $23,454.55 of marital debt during the separation period. Erlinda's expert explicitly classified James's payments on the motorhome loans as his "separate property" without explanation and omitted his satisfaction of the balance on the line of credit entirely. Because the trial court did not credit James for retiring these marital loans, we remand the court's property division for consideration of this credit.[fn47]

_____

[fn47] We note that while the trial court must consider the payments James made to maintain the marital property, it is for the trial court to decide whether he should receive a dollar-for-dollar credit in the final property division. *Ramsey v. Ramsey*, 834 P.2d 807, 809 (Alaska 1992).[4]

_____

[4] *Id.* (footnotes and citations omitted).

Pursuant to this ruling, we remanded "for consideration of the credit due to James for paying marital debt . . . ."[5] James filed a petition for rehearing but did not question our conclusion that the debt was marital. Erlinda did not file a petition for rehearing.

**B.    Proceedings Subsequent to *Partridge I***

On remand, the superior court held a hearing at which Erlinda pointed to testimony from the initial trial showing that James had used the loan proceeds to pay for the Wasilla property.[6] As her counsel explained at the hearing, Erlinda's "position is that [the debt] was not a marital debt." But in our opinion, we concluded that the debt, which was incurred during the marriage, was presumed marital absent any showing that the parties intended the debt to be separate.[7]

Although the superior court expressed its doubt that we were correct in determining that the loans in question were marital debts, it rejected Erlinda's argument that the hearing was her opportunity to overcome the presumption that the debt was marital, observing that the opinion "makes clear that I was directed to consider this credit[,] and I read 'consider' to not accord me discretion to revisit the characterization. I read the Supreme Court as determining [that] these were marital debts."[8]

The superior court then turned to the question whether James should be given a dollar-for-dollar credit for the debt he repaid. Though the superior court

---

[5]    *Id.* at 692.

[6]    We characterized two of the loans as "for a 2005 Roadtrek motorhome and a 1993 Monaco motorhome." *Id.* at 691. It appears that the two motorhomes were used as collateral to secure the loans.

[7]    *Id.*

[8]    The superior court noted that because the debts represented such a small percentage of the marital estate, the value of which was already subject to estimation error, requiring Erlinda to pay for the debts was not a manifest injustice.

acknowledged that it had discretion to award less than a dollar-for-dollar credit, the superior court said that "it would be inconsistent with the Supreme Court's ruling to say well, you told me I could consider it, but you're wrong, so therefore I'm not going to consider it." The superior court noted that it had given a dollar-for-dollar credit for other payments made as well as funds received and saw no reason "to deviate from a dollar[-]for[-]dollar credit."

Erlinda filed a motion for reconsideration, which was denied. She now appeals.

## III. STANDARD OF REVIEW

"Whether a [trial] court on remand has correctly applied our mandate is a question of law which we review de novo."[9]

Property division involves a three-step process, of which only the third is at issue here. "We review step three, allocating the property equitably, under the abuse of discretion standard. We will not disturb the trial court's allocation unless it is clearly unjust."[10]

## IV. DISCUSSION

Erlinda raises two arguments on appeal. First, she argues that the superior court erred in interpreting our prior ruling as concluding that the debt was a marital debt. Second, she argues that the superior court abused its discretion in awarding James a dollar-for-dollar credit for his payment of the debt.

---

[9] *Williams v. Crawford ex rel. Estate of McVey*, 47 P.3d 1077, 1079 (Alaska 2002).

[10] *Partridge I*, 239 P.3d at 685 (footnotes omitted).

**A.** **The Superior Court Correctly Interpreted *Partridge I* As Concluding That The Debts Were Marital.**

Erlinda argues that we did not conclude the debt was marital. She reasons that if we had meant to rule that the debt was marital, we "would have said so explicitly." Erlinda focuses considerable attention on our remand "for consideration of" credit due James, arguing that our direction that the superior court "consider" applying the credit left it with the discretion to reject it.

However, read as a whole, our opinion concludes that the debt was marital and that the superior court erred in failing to award James a credit for it. The relevant section of the opinion is titled, "Failing to credit James for paying over $100,000 of marital debt was error."[11] In our opinion, we presumed the debt to be marital because, absent a showing to the contrary, there is a legal presumption that debts accrued during a marriage are marital.[12] We went on to observe that Erlinda had made no showing to rebut that presumption, and we concluded that the debt was marital.[13] We then instructed the superior court to "consider[]" providing a credit for the payment of the marital debt, allowing that it had discretion to diverge from a dollar-for-dollar credit.[14] The superior court was not free to decline to follow our direction.

Erlinda is correct in arguing that she was entitled to an opportunity to rebut the presumption, but that opportunity came in the initial trial and in her first appeal to this court. James briefed this issue in *Partridge I*, arguing that "marital loans in the

---

[11]    *Id.* at 691.

[12]    *Id.*

[13]    *Id.*

[14]    *Id.*

amount of $101,898.88,[15] extant as of the . . . date of separation, were never accounted for by the trial court," and Erlinda failed to respond to this argument. Moreover, Erlinda failed to petition for rehearing to challenge as mistaken our conclusion that the debt was marital. Even in her briefing on this appeal, she expressly disclaimed any argument that we erred in *Partridge I* or that we should overrule that decision. It is incumbent on parties to bring perceived errors to our attention.[16] In this case, Erlinda did not do that, and even in her brief, she argued merely that the superior court had "misconstrued" our mandate. But our mandate was clear that the debts were to be considered marital, and the superior court therefore did not err in following that mandate.

B.      **The Superior Court Did Not Abuse Its Discretion In Awarding James A Dollar-For-Dollar Credit.**

In *Partridge I*, we noted that the superior court had discretion "to decide whether [James] should receive a dollar-for-dollar credit in the final property division."[17] In its order denying Erlinda's motion for reconsideration, the superior court ruled that given our remand instructions requiring that James be credited for paying down the marital debt, using footnote 47 to "decline to accord credit to [James] . . . would in effect constitute an indirect way of disregarding the Alaska Supreme Court's . . . express mandate."

Erlinda interprets this as a statement that the trial court believed it "lacked the discretion to award something other than a dollar-for-dollar credit." Erlinda

---

[15]      In *Partridge I*, we observed: "James argues the court failed to account for marital loans of $101,898.88. But the sum of the debts he cited equals $101,808.88[.]" *Id.* at 691 n.45.

[16]      *See* Alaska R. App. P. 506.

[17]      *Partridge I*, 239 P.3d at 691 n.47.

maintains that the superior court had the discretion to decline to award James any credit or to award James "credit at some ratio below [one] to [one]."

The superior court, however, explicitly recognized that it had discretion to award less than a dollar-for-dollar credit. It expressed the view that awarding a dollar-for-dollar credit was consistent with how it had treated other credits throughout the divorce.

In light of our ruling that the debt was marital and the superior court's view that it should treat these credits as it did the other credits throughout the divorce, it would be difficult to conclude that the superior court abused its discretion in awarding a dollar-for-dollar credit.

If Erlinda believed that it was error to award James any credit for his repayments on debts that she claims are separate and not marital, her recourse was to respond to James's argument in the first appeal and to file a petition for rehearing after *Partridge I* was decided.[18] Because Erlinda failed to do that, she has waived the opportunity to seek a reversal of this court's conclusions.

## V.    CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the superior court.

---

[18]    *See* Alaska R. App. P. 506.