NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SHANNON LONGWAY-MAROTTA, | ) | |
| | ) | Supreme Court No. S-16367 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-14-02560 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| RONALD DEAN NELSON, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1656 – November 15, 2017 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances: Shannon Longway-Marotta, pro se, Wasilla, Appellant. No appearance by Appellee Ronald Dean Nelson.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

I.     INTRODUCTION

Domestic partners Shannon Longway-Marotta and Ronald Dean Nelson separated in 2014 and sought division of their partnership assets and an order for shared custody of their child. The superior court divided the assets and debts equally and granted the parties shared legal and physical custody of their child. Longway-Marotta appeals the valuation of their home, arguing that the court miscalculated the home equity by failing to deduct the amount of past due mortgage payments from the overall debt

---

[*]     Entered under Alaska Appellate Rule 214.

owed on the home. Because the court did not clearly err in its calculations, or abuse its discretion in allocating the debt owed on the home, we affirm the court's decision.

## II.   FACTS AND PROCEEDINGS

Longway-Marotta and Nelson lived together from 2005 to 2014 and had one child together. After their 2014 separation Longway-Marotta filed suit to divide their property and establish shared custody of their child. In the initial proceedings the parties asked the superior court to defer its assessment of the equity in their shared home but to allocate their other assets and debts. The court found that they had been in a domestic partnership such that a marital-like division of the property was appropriate,[1] and it valued all shared property other than the house. In a subsequent hearing the court calculated the equity in the home and made its final property allocation, awarding 50 percent of the partnership assets to each party.

The court determined the market value of the home to be $181,764 based on two market analyses of the home prepared by an associate real estate broker. Nelson planned to use an insurance payment to build a carport that would increase the value of the home by $5,000; the court accordingly added $5,000 to the current home value. The court also determined that the home required $5,500 in repairs to be marketable, so it subtracted $5,500 from the home's value. Totaling these figures, the court calculated that the value of the house was $181,264. Longway-Marotta does not dispute any of these determinations.

---

[1]     *See Boulds v. Nielson*, 323 P.3d 58, 62-63 (Alaska 2014) ("Alaska, like Washington, provides for marital-like property distribution following a cohabitative relationship." (citing *Bishop v. Clark*, 54 P.3d 804, 811 (Alaska 2002); *Wood v. Collins*, 812 P.2d 951, 956 (Alaska 1991))); *Reed v. Parrish*, 286 P.3d 1054, 1057 (Alaska 2012) ("[T]he parties formed a domestic partnership and intended to share in the fruits of their relationship as though married, justifying an equal division of their property." (citing *Julsen v. Julsen*, 741 P.2d 642, 645 (Alaska 1987))).

The court relied on a mortgage statement from Chase Bank and on Nelson's testimony to find that the debt owed on the house consisted of the $165,600 original principal balance, a $334.13 unapplied balance, and a $2,217.48 corporate advance balance. Combining these figures, the court found that the total mortgage debt on the home was $168,151.61. Subtracting that total from the $181,264 value of the house, the court determined that the equity in the home was $13,112.39.

The Chase Bank mortgage statement also showed $18,861 in unpaid mortgage payments. Because Nelson had been living in the home since the separation while the past due mortgage payments accrued, the court concluded that "it would be inequitable to require [Longway-Marotta] to bear" the cost of those payments. It therefore decided not to include the unpaid mortgage payments in the partnership debt and instead assigned the debt to Nelson individually. The court awarded the house to Nelson and, after allocating the remaining property, ordered him to pay Longway-Marotta a $1,644.81 cash equalization payment.

Longway-Marotta, representing herself, appeals, arguing that the court erred in its calculation of the home equity.

## III.    STANDARD OF REVIEW

" 'The valuation of . . . property is a factual determination that should be reversed only if clearly erroneous.' A valuation is clearly erroneous if we are left with a definite and firm conviction on the entire record that a mistake has been made."[2] "We review for abuse of discretion a superior court's decision whether to give a credit to a

---

[2]      *Stevens v. Stevens*, 265 P.3d 279, 284 (Alaska 2011) (quoting *Haines v. Cox*, 181 P.3d 1140, 1143 (Alaska 2008)). *Stevens* involved a trial court's valuation of marital property following a divorce. Because the court here determined that a marital-like division of the property was appropriate, we review the court's property valuation analogously. Longway-Marotta does not dispute that determination.

spouse for payments made to maintain marital property."[3]    "The trial court's determination of which date to use for purposes of valuing property is reviewed for an abuse of discretion."[4]

## IV.    DISCUSSION

Longway-Marotta argues that the court erred in its consideration of the unpaid amount on the mortgage.  She states that the unpaid amount "is not owed in addition to the overall [principal] mortgage owed, but is included and part of it."  Her argument appears to be either that the court erroneously adopted Nelson's calculations of the home equity, or that the $18,861 in unpaid mortgage payments should have been subtracted from the principal balance owed on the home — not assigned to Nelson as personal debt — which would have decreased the debt on the home by $18,861 and consequently increased the equity in the home by the same amount.  This increase in equity would ultimately affect Longway-Marotta's award.  Because the court divided the assets equally but awarded the house to Nelson, Nelson was required to give Longway-Marotta an increased cash equalization payment.  Therefore, any increase in the valuation of the home equity would likely result in a larger cash equalization payment to Longway-Marotta.  Although she alleges only mathematical error, Longway-Marotta's argument also amounts to a claim that the court abused its discretion in allocating the debt owed on the shared home.

Trial courts have broad discretion in accounting for post-separation mortgage payments and allocating changes in home equity.[5]  In dividing marital or

---

[3]    *Berry v. Berry*, 978 P.2d 93, 95 (Alaska 1999).

[4]    *Id.*

[5]    *See Beal v. Beal*, 209 P.3d 1012, 1023 (Alaska 2009) ("When fashioning
(continued...)

domestic partnership property, trial courts should ordinarily value the property "as close as practicable to the date of trial."[6]  This rule "advances the interests of accuracy and fairness."[7]  Although special circumstances may justify the adoption of a different property value,[8] we have held that because post-separation mortgage payments made by one spouse are common, they do not justify deviation from the default rule that property should be valued at the time of trial.[9]

Longway-Marotta appears to conclude that the court may have erroneously adopted Nelson's handwritten calculations when it determined the amount of equity in the home.  Nelson's proposed calculations included both the original loan balance and

---

[5]     (...continued)
a property division, the trial court has the discretion, where equitable, to give a spouse dollar-for-dollar credit for the entire amount of his or her post-separation mortgage payments.  It thus follows that the trial court also has the discretion to give that spouse credit for the increase in home equity created by those mortgage payments . . . ."); *Berry*, 978 P.2d at 96 ("Courts may give credit to one spouse for post-separation payments made to preserve marital assets, but are not required to do so. . . . [N]o fixed rule requiring credit in all cases should be imposed." (quoting *Ramsey v. Ramsey*, 834 P.2d 807, 809 (Alaska 1992))).  This precedent reflects the process employed by courts in accounting for post-separation mortgage payments and allocating changes in home equity following divorce, and it was reasonable for the court to apply the same approach to property valuation in the domestic partnership context.

[6]     *Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991).

[7]     *Id.*

[8]     For example, a different property value may be appropriate when "one of the spouses dissipates assets or deliberately allows their value to decline following separation, or the value of marital property increases due to the efforts of one of the spouses."  *Id.* at 820 (quoting L. GOLDEN, EQUITABLE DISTRIBUTION OF PROPERTY § 7.02 at 208 (1983)).

[9]     *Beals v. Beals*, 303 P.3d 453, 462-63 (Alaska 2013) (citing *Rodriguez v. Rodriguez*, 908 P.2d 1007, 1012-13 (Alaska 1995)).

the outstanding loan payments as debt owed on the home. Longway-Marotta is correct that those calculations do not accurately reflect the amount owed on the home. But the court did not adopt Nelson's calculations. It instead calculated the debt based only on the unpaid principal, the corporate advance, and an unapplied balance. The court did not include the $18,861 in unpaid mortgage payments in its calculations. Its calculations of the debt owed on the home were therefore not clearly erroneous.

Turning to the parties' equity in the home, the court relied on the actual amount of equity at the time of trial. Requiring the trial court to calculate the amount of equity that would have existed if one party had behaved differently would be inconsistent with our emphasis on accuracy in valuating marital or domestic partnership property.[10] Furthermore, the record indicates that Nelson's failure to make the mortgage payments stemmed not from a desire to reduce the equity in the home, but from financial difficulties. The court did not find that he intentionally avoided making payments in order to decrease the value of the shared home. In the absence of extenuating circumstances or bad faith on Nelson's part in failing to make the mortgage payments, the court's method of allocating the home debt — and thereby valuating the home equity — was not an abuse of discretion.

## V.    CONCLUSION

Finding no clear error or abuse of discretion, we AFFIRM the superior court's decision.

---

[10]    *See Ogard*, 808 P.2d at 819.