STOWERS, Justice.
I. INTRODUCTION
In a divorce case the superior court divided the marital estate equally; this included the marital home and an adjoining lot, which the spouses agreed should be sold. The husband remained in the home after the wife moved out, and he paid the mortgage until the properties sold nearly two years after the divorce was final.
Once the properties sold the parties requested a hearing on the allocation of the sale proceeds. The husband argued that he should be reimbursed for his post-divorce mortgage payments. The wife countered that the husband's use of the home as his residence offset any claim he otherwise had to reimbursement. The superior court denied reimbursement to the husband, and the husband appeals.
In Ramsey v. Ramsey we said that the superior court has discretion to award credit for post-separation payments made to preserve marital assets.[1] While we review these rulings deferentially, the court must make factual findings sufficient for review; the findings must clearly indicate the court's consideration of a Ramsey credit and its rationale for awarding one or not. In this case the findings in the court's order allocating the sale proceeds were insufficient, so we remand the case for additional findings.
II. FACTS AND PROCEEDINGS
Adolph and Bertha Hall married in 1975 and separated in November 2014. Superior Court Judge Eric Smith granted their divorce in August 2015. Among the major marital assets were the marital home and an adjoining lot, which the parties stipulated should be sold to satisfy marital debts.[2] Judge Smith divided the marital estate equally and directed the parties to "cooperate to ensure that the propert[ies are] sold as quickly as possible."
Bertha moved out of the home months before the trial, and Adolph remained. After the divorce Adolph made various repairs to the home, and he continued to pay the mortgage, insurance, and taxes on the properties. The properties did not sell until June 2017, nearly two years after the parties' divorce. The parties requested that the sale proceeds be impounded pending a decision about how to allocate them. Superior Court Judge Jonathan A. Woodman, who had taken over the case after Judge Smith retired, held a hearing in July.
*783 Adolph sought reimbursement for several post-divorce expenses on the properties, including mortgage payments totaling $69,858.69. The mortgage was a joint debt, he argued, and Judge Smith made the parties equally responsible for it. Bertha responded that nothing in the divorce trial or in Judge Smith's order indicated that Adolph would be reimbursed for post-divorce mortgage payments. She contended that any reimbursement would have to take the form of a Ramsey credit,[3] and before awarding one the court would need to take evidence on the rental value of the home and offset Adolph's payments by this imputed rent.
In November 2017 Judge Woodman issued an order allocating the sale proceeds, denying Adolph's request for reimbursement for the mortgage payments. Adolph moved for reconsideration, arguing that after the divorce the parties were cotenants; since there was no ouster, Adolph argued he was not liable to Bertha for the imputed rental value of the home. He also contended that the July 2017 hearing had afforded him "no time or opportunity to present evidence" on the rental value of the home. Judge Woodman summarily denied Adolph's motion.
Adolph appeals.
III. STANDARD OF REVIEW
We review "the superior court's decision to grant credit for post-separation mortgage payments for abuse of discretion."[4] "Under the abuse of discretion standard, we ask 'whether the reasons for the exercise of discretion are clearly untenable or unreasonable.' "[5]
IV. DISCUSSION
The superior court's order allocating the sale proceeds included this ruling on the mortgage payments:
[Adolph] lived in the house post-separation until the house was sold. [Adolph] seeks reimbursement for the mortgage payments he made during this time. [Bertha] opposes, arguing that [Adolph] had the benefit of living in the home rent-free during that period, and thus is not entitled to credit for the mortgage payments. The Court agrees with [Bertha], thus [Adolph] shall not be reimbursed for mortgage payments made between separation and the sale of the house. (Emphasis in original.)
The court did not discuss whether it had declined to award Adolph a Ramsey credit or instead had determined that Ramsey was inapplicable in this case because the parties had divorced more than two years prior.
We hold that Ramsey applies to payments made to maintain marital property from post-divorce until the time of sale and that the superior court was required to conduct a full analysis under Ramsey and its progeny.[6] In Ramsey we noted:
We have required that trial courts consider payments made to maintain marital property from post-separation income when dividing marital property. We have not, however, held that the spouse who makes such payments must necessarily be given credit for them in the final property division. ... [I]t is our view that no fixed rule requiring credit in all cases should be imposed. Instead, the fact that one party has made payments from non-marital income *784 to preserve marital property should be considered as one of the circumstances to be weighed by the trial court in dividing the marital property.[7 ]
We remanded the case and directed the superior court to "make written findings on this point."[8]
Under Ramsey , the superior court must consider a credit, but it need not award one unless it finds that doing so is equitable; either way, the court must make written findings explaining its decision. Looking only to Ramsey and some of our other decisions, one might conclude that any written finding is sufficient. For example, in Knutson v. Knutson we said: "We have recognized that living in the marital residence after dissolution or divorce has value. The record justifies an assumption that the benefit of living in the home was not materially less than the cost of the mortgage payments."[9] But we did not describe the underlying factual record in greater detail. Our analysis was similarly spare in Rodriguez v. Rodriguez :
[T]he superior court determined that Rolando was not entitled to reimbursement because he had lived in the house after the parties separated and thus a credit would constitute an unfair advantage to Rolando. In other words, any benefit which he may have imparted to the marital estate was offset by the benefit he received from the estate by living rent-free.[10 ]
We relied on Rodriguez in our recent decision in Hockema v. Hockema , stating: "Given the benefit Scott derived from living in the home ... it was not clearly unjust for the court to deny him credit for the mortgage payments he made."[11]
We do not disavow these decisions, but in hindsight we may not have done a sufficient job of explaining why we affirmed in these cases where the superior court's findings were themselves facially sparse. As an appellate court, we are loathe to make assumptions about key factual matters.[12] The superior court has broad discretion to award a Ramsey credit in full, in part, or not at all.[13] But however deferential our review, we must be able to discern that the superior court considered a Ramsey credit and what its rationale was for awarding or denying it.
These requirements are not new. The majority of our post- Ramsey cases have been more specific; these cases control. For example, in Berry v. Berry the superior court's property distribution implicitly denied a Ramsey credit to the wife, but "the superior court did not expressly resolve the credit issue" in its findings.[14] We were unable to conclude from the record, as a matter of law, that the wife was not entitled to a credit.[15] We therefore remanded the case to the superior court for consideration of the Ramsey credit, specifying that its factual findings "must be explicit and sufficiently detailed to give this court a clear understanding of the basis of the trial court's decision."[16]
In Edelman v. Edelman there was no factual dispute that the wife had made the post-separation mortgage payments for which she sought credit in the property distribution.[17] The superior court did not award her the credit, but neither did it explain its reasoning; because we could not tell from the record whether the court had considered the issue at all, we remanded the case for findings *785 of fact.[18] Likewise, in our unpublished decision in Johnson v. Johnson we acknowledged that when one spouse remains in the marital home and pays to maintain it, the superior court may reason that the benefit to the marital estate is offset by the spouse's enjoyment of living rent-free.[19] But, we reiterated,
even though we have declined to impose a fixed rule regarding credit for post-separation payments, we do require that trial courts at a minimum: (1) consider whether a party should be reimbursed for post-separation costs incurred to preserve the marital property, and (2) make factual findings on whether a credit is appropriate.[20 ]
Still other cases make the same point. The superior court in Korn v. Korn determined the rental value of the marital home and used this to reduce the occupying spouse's share of the marital estate.[21] But because there were no findings to explain how the court derived this rental value or why it decided to impute it to the occupying spouse, we vacated the court's property division and remanded the case.[22]
In a recent unpublished decision, we affirmed the superior court's denial of a Ramsey credit because the court "made the required findings, noting that Benjamin had resided in the home throughout the proceedings and that the home had a 'reasonable rental value of at least the amount of the monthly mortgage payment,' which was $1,280."[23] The court's findings made evident its consideration and analysis of a Ramsey credit.
The superior court in this case recited Bertha's argument that Adolph was not entitled to a Ramsey credit because he had lived rent-free in the marital home while he was making the post-divorce mortgage payments. The court stated that it "agree[d]," but it did not sufficiently explain why it agreed. If the court determined that the rental value of the home was roughly equivalent to the mortgage payments, or if it determined that other equitable factors weighed against awarding a credit to Adolph, then those determinations failed to make their way into its findings of fact. This deficiency in the findings prevents us from conducting a meaningful review of the court's order.
We therefore vacate the court's order allocating the proceeds from the sale of the marital home and the adjoining lot, and we remand for the court to clarify the factual basis for its decision. In its discretion the court is free to take additional evidence as it finds necessary, including on what the rental value of the home might have been during the time between the parties' divorce and the sale of the home. With that analysis complete, the court should consider again whether to award a Ramsey credit for some or all of Adolph's post-divorce mortgage payments, explaining its decision with sufficient written findings.[24]
V. CONCLUSION
The superior court's order allocating the proceeds from the sale of the marital home is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

834 P.2d 807, 809 (Alaska 1992).

Other assets not at issue in this appeal included real estate in Louisiana and Mississippi. We addressed these and other assets in Hall v. Hall , 426 P.3d 1006 (Alaska 2018).

See Ramsey , 834 P.2d at 809 ("We have required that trial courts consider payments made to maintain marital property from post-separation income when dividing marital property. We have not, however, held that the spouse who makes such payments must necessarily be given credit for them in the final property division." (citation omitted)).

Maxwell v. Sosnowski , 420 P.3d 1227, 1231 (Alaska 2018).

Jensen D. v. State, Dep't of Health & Soc. Servs. , 424 P.3d 385, 387 (Alaska 2018) (quoting Burke v. Maka , 296 P.3d 976, 980 (Alaska 2013) ).

We reject Adolph's argument that cotenancy principles apply to spouses once their divorce is final. When former spouses liquidate their marital property following a divorce, they remain subject to the superior court's discretion to fashion an equitable distribution of property. See 2 Brett R. Turner, Equitable Distribution of Property § 6:86, at 608-09 (4th ed. Jan. 2019 update) ("So long as the divorce case remains pending, ... parties to a divorce case [are] not at all like other joint owners of property.").

Ramsey , 834 P.2d at 809 (citation omitted).

Id.

973 P.2d 596, 601 (Alaska 1999) (citation omitted).

908 P.2d 1007, 1013 (Alaska 1995).

403 P.3d 1080, 1091 (Alaska 2017).

See Berry v. Berry , 978 P.2d 93, 97 (Alaska 1999) ("[T]he absence of fact findings on the credit issue consigns us to speculation and prevents us from applying the deferential ... standard of review.").

See Partridge v. Partridge , 239 P.3d 680, 691 n.47 (Alaska 2010) ("[I]t is for the trial court to decide whether [to award] a dollar-for-dollar credit in the final property division.").

Berry , 978 P.2d at 96.

Id. at 97.

Id. at n.15 (quoting Doyle v. Doyle , 815 P.2d 366, 368 (Alaska 1991) ).

3 P.3d 348, 354 (Alaska 2000).

Id.

Johnson v. Johnson , No. S-12891, 2009 WL 564692, at *5 (Alaska Mar. 4, 2009).

Id.

46 P.3d 1021, 1023 (Alaska 2002).

Id. at 1024.

Benjamin S. v. Stephenie S. , No. S-16007, 2018 WL 669169, at *8 (Alaska Jan. 31, 2018).

In a recent decision involving the same parties, we remanded for the superior court to consider whether certain out-of-state properties were marital assets. Hall v. Hall , 426 P.3d 1006, 1011 (Alaska 2018). In light of that decision, and depending on the court's findings on remand in the case now before us, it may be necessary for the court to revisit the equitable distribution of the marital estate.