NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KARL SHEAR, | ) | |
| | ) | Supreme Court No. S-14991 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-11-02459 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ELIZABETH SHEAR, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1523 - December 3, 2014 |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Gregory Heath, Judge.

Appearances: Darryl L. Jones, Law Office of Darryl L. Jones, Anchorage, for Appellant. Elizabeth Shear, pro se, Palmer, Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I.    INTRODUCTION

Karl and Elizabeth Shear were married for less than eight months before they separated after a domestic violence incident. Elizabeth obtained a domestic violence restraining order, which allowed her to live in the marital residence while the divorce case was pending. Karl now argues that he should receive credit for home improvement costs he incurred and for mortgage payments he made while Elizabeth occupied the house following their separation; he also argues that the property division should not

---

[*]    Entered under Alaska Appellate Rule 214.

include Elizabeth's counseling expenses after the domestic violence incident. We conclude that Karl is not entitled to a credit for the expenses he incurred as a result of the restraining order and that the superior court did not plainly err when it included Elizabeth's counseling expenses in the marital estate. But we must remand for additional findings on the allocation of the home improvements and the debt Karl incurred in making these home improvement purchases.

## II.    FACTS AND PROCEEDINGS

Elizabeth and Karl Shear married in February 2011. In October of that year, Elizabeth filed for divorce. The district court granted Elizabeth's petition for a long-term domestic violence protective order, which allowed Elizabeth to remain in the marital residence.

The parties accumulated very little property. Elizabeth had a 2004 Pontiac Vibe before the marriage that was transferred to both names. They purchased a home, and Karl made the mortgage payments. Elizabeth continued to live in the home for about a year after separation, as provided in the protective order. Karl also charged more than $10,000 to his credit cards for appliances and improvements to the home.

The superior court awarded the car and the loan on it to Elizabeth. The court awarded the house and mortgage to Karl and required him to pay Elizabeth $18,778 for her portion of the equity. The court required Karl to pay Elizabeth $5,000, representing her portion of the appliances and improvements purchased with his credit cards. But the court did not make any findings or any award concerning the outstanding balance on those cards.

The court required Karl to pay Elizabeth $6,611 for her counseling expenses following the domestic violence incident.[2] And the court declined to give Karl any credit for Elizabeth's use of the marital home because that use was granted as part of the protective order.

On appeal, Karl argues that he should not have been charged with the value of the home improvements and that he should have received a credit for Elizabeth's use of the home while he was paying the mortgage. These questions relate to the superior court's allocation of the marital estate, an issue we review for abuse of discretion.[3] Karl also argues that Elizabeth's counseling expenses should be characterized as tort damages, and that the court erred by requiring him to reimburse her absent a jury finding him liable for domestic violence. Because he makes this argument for the first time on appeal, it is waived and we review it for plain error only.[4]

## III. DISCUSSION

### A. The Findings Regarding The Home Improvements Are Inadequate.

Karl argues that the superior court abused its discretion when it awarded Elizabeth one-half the cost of the appliances and home improvements he purchased using his credit cards. In response, Elizabeth argues that these improvements were fairly considered as a supplement to the court's award of the residence to Karl.

The record supports the need for additional findings on this issue. Karl testified that he had purchased appliances and home improvements on credit, and that his credit card balances for those purchases were approximately $10,000 at the time of

---

[2] Karl does not argue on appeal that these were insured expenses, and it does not appear from the record that insurance claims were submitted for these expenses.

[3] *Glover v. Ranney*, 314 P.3d 535, 539 (Alaska 2013).

[4] *Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 145-46 (Alaska 2004).

separation. But the superior court did not make any findings about Karl's responsibility for this debt. Nor did the court make any findings about whether the value of these appliances and improvements was included in the value of the marital residence. The court's valuation of the marital residence reflected its value after these appliances and improvements had been purchased. The residence was awarded to Karl, and its valuation was used to calculate Elizabeth's half of the equity.

We cannot review the question Karl raises without some additional explanation for the court's treatment of this property. The superior court's other findings suggest that the superior court was trying to reach an equal division of the marital estate.[5] But this goal does not explain the court's failure to recognize Karl's obligation to pay the credit card debt. The difference in the parties' financial circumstances arguably could have supported an unequal division of the estate, if that is what the court intended.[6]

We therefore require findings on whether the home improvements referenced in the court's decree were included in the value of the residence or whether they should be allocated separately. And the court must specifically award the responsibility for the credit card debt outstanding at the time of separation. If an unequal

---

[5]    An equal division of the marital estate is presumptively an equitable division. *Stanhope v. Stanhope*, 306 P.3d 1282, 1289 (Alaska 2013).

[6]    *See* AS 25.24.160(a)(4)(D), (G) (providing that the parties' "financial condition[s]" and "circumstances and necessities" are among the factors a court should consider in effectuating a division of property); *see also Veselsky v. Veselsky*, 113 P.3d 629, 637 (Alaska 2005) (holding that it was not an abuse of discretion to deviate from a 50-50 split of marital property, where one of the parties was an unemployed graduate student).

division of the estate was intended, then the court should make findings on the factors that support its decision.[7]

**B.     The Superior Court Did Not Abuse Its Discretion When It Did Not Charge Elizabeth For The Rental Value Of The Home**.

Karl argues that the superior court should have given him credit for Elizabeth's post-separation use of the home while he was paying the mortgage. In response, Elizabeth notes that she occupied the home as a condition of the domestic violence protective order.

"We have required that trial courts consider payments made to maintain marital property from post-separation income when dividing marital property. We have not, however, held that the spouse who makes such payments must necessarily be given credit for them in the final property division."[8]   In the context of post-separation mortgage payments, we have specifically held that a trial court is not required to credit the paying spouse, even where the other spouse has exclusive possession of the residence.[9]

Here, Elizabeth was awarded possession of the residence under a domestic violence protective order, and it was not an abuse of discretion for the court to consider that order in equitably dividing the marital estate.[10]   Under these circumstances, the

---

[7]     *See Burts v. Burts*, 266 P.3d 337, 348 (Alaska 2011) ("[A]n unequal allocation can be 'condoned when it is justified by relevant factors identified in the findings of the court.' " (quoting *Hayes v. Hayes*, 756 P.2d 298, 300 (Alaska 1988))).

[8]     *Ramsey v. Ramsey*, 834 P.2d 807, 809 (Alaska 2012); *see also Rodriguez v. Rodriguez*, 908 P.2d 1007, 1013 (Alaska 1995) (holding that it was not an abuse of discretion to decline to credit spouse for post-separation mortgage payments).

[9]     *Harrelson v. Harrelson*, 932 P.2d 247, 253 (Alaska 1997).

[10]    *See* AS 25.24.160(a)(4)(E) ("[T]he division of property must fairly allocate
(continued...)

perpetrator is not ousted by the victim, "but rather by the court as a result of the domestic violence protective order."[11]   Requiring reimbursement from the victim under these circumstances may "frustrate the policies behind the relief offered under the domestic violence statutes."[12]   Therefore, it was not an abuse of discretion for the superior court to decline to award Karl a credit for Elizabeth's use of the marital residence because her possession was protected by a domestic violence restraining order.

### C.   It Was Not Plain Error To Allocate Elizabeth's Counseling Bills.

In Elizabeth's pretrial memorandum, she included the counseling expenses she incurred following the domestic violence incident, and the parties litigated this issue at trial.  Karl now argues that these expenses were "tort damages" that should not have been considered in the property division.  But Karl did not object to the consideration of these counseling expenses at trial, so we review this issue for plain error.[13]   "Plain error exists where an obvious mistake has been made which creates a high likelihood that injustice has resulted."[14]

We conclude that there was no obvious mistake in the superior court's consideration of these expenses.  The superior court did not award Elizabeth counseling expenses as "tort damages," but rather, as part of an equitable property division.  The

---

[10]   (...continued) the economic effect of divorce by being based on consideration of the following factors," including "the conduct of the parties.").

[11]   *Reed v. Parrish*, 286 P.3d 1054, 1059 (Alaska 2012).

[12]   *Id.* at 1058.

[13]   *See Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 145-46 (Alaska 2004).

[14]   *Martin v. Martin*, 303 P.3d 421, 427 (Alaska 2013) (quoting *Tenala, Ltd. v. Fowler*, 921 P.2d 1114, 1124 (Alaska 1996)) (internal quotation marks omitted).

divorce statute allows the court to consider "the conduct of the parties" when making such a division.[15] And the domestic violence statute specifically allows a victim of domestic violence to recover counseling expenses from the responsible party.[16] In the absence of any objection, it was not clear error for the superior court to allocate these expenses as a marital debt.

## IV. CONCLUSION

We REMAND for further findings regarding the home improvements referenced in the court's decree. We retain jurisdiction to review those findings. We AFFIRM the superior court's judgment on all remaining issues.

---

[15]  AS 25.24.160(a)(4)(E).

[16]  AS 18.66.100(c)(13).